UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| July R. Carlan,<br>a/k/a Shape Shifter,<br><br>    Plaintiff,<br><br>  v.<br><br>Fenway Community Health<br>Center, Inc.,<br><br>    Defendant. | )<br>)<br>)<br>) Case No. 1:23-cv-12361-RWZ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND SUBSTITUTE
THE UNITED STATES AS DEFENDANT**

  The Defendant moves that it be dismissed as named defendant in this case and that the United States be substituted as party defendant.

**Plaintiff's Allegations**

  1. The Plaintiff July Carlan a/k/a Shape Shifter alleges that Defendant misdiagnosed Plaintiff and provided inappropriate medical care beginning in 2012. *See* Complaint ¶55. The essence of Plaintiff's claim is that he has body dysmorphia, unresolved childhood trauma, internalized homophobia, and symptoms of borderline personality disorder but that Defendant improperly provided him with gender transition care. *See id.* ¶224-25. Plaintiff alleges that Defendant's improper care includes providing hormone therapy in 2013, *see id.* ¶¶100-137, and, providing therapy and letters of support in 2014 and 2015 for gender reassignment surgery, *see id.* ¶¶138-202. Plaintiff alleges that Defendant "failed to identify Plaintiff's mental conditions and the appropriate treatments," *id.* ¶149, failed to explain that gender reassignment therapy is an ineffective treatment for Plaintiffs' hypersexuality, *id.* ¶155, did not diagnose borderline personality disorder or internalized homophobia, *id* ¶156, and failed to inform him of the

1

"limitations of psychological and physical effects that may be achieved through surgery" or the "post-surgical limitations Plaintiff may experience in social, romantic, sexual, and occupational spheres." *id.* ¶165.  Plaintiff also alleges his treatment did not meet various standards of care. *See id.* ¶¶167, 170-71, 175.

2. The Complaint alleges that as a result of Defendant's medical care, Plaintiff underwent unnecessary gender reassignment surgery and has therefore suffered physical and psychological injury, including "genital mutilation, sexual dysfunction, cognitive decline, and exacerbation of his pre-existing psychological conditions which were unidentified and untreated." *See id.* ¶¶199-200 .  The Complaint does not allege when the surgery took place, but does not allege any care by Defendant after 2015.

### Defendant Is a Federally Funded Health Center Deemed to be an Employee of the Public Health Service

3. The Federally Supported Health Centers Assistance Act of 1992 (Pub. L. 102-501) immunizes federally funded health centers and their employees "from personal liability for damage for personal injury including death, resulting from the performance of medical, surgical, dental, or related functions while acting within the scope of their employment." *See O'Brien v. United States*, 56 F.4th 139, 147 (1st Cir. 2022) (quotations and citations omitted).  A tort plaintiff's exclusive remedy for such claims is a claim against the United States under the Federal Tort Claims Act.  *See id.* (discussing 42 U.S.C. § 233(a) (in the case of individual employees and § 233(g)(1)(A) in the case of federally funded health centers)).

4. A federally funded health center gains immunity when the Secretary of Health and Human Services "deems" the health center an employee of the Public Health Service.. *See O'Brien*, 56 F.4th at 148.  The Secretary has sole authority to deem health centers as employees of the Public Health Service, *see id.*, and once so deemed "the determination shall be final and

binding upon the Secretary and the Attorney General and other parties to any civil action or proceeding." 42 U.S.C. § 233(g)(1)(F).

5. As Plaintiff recognizes, Defendant is a federally qualified health center and received federal funding during the relevant time period. *See* Complaint ¶28.

6. The Secretary has deemed defendant an employee of the Public Health Services under 42 U.S.C. § 233 for every year beginning in 2010, and more specifically for the years Plaintiff alleges mistreatment. *See* Sarah Baddeley Declaration, Exh. A hereto (attaching Notices of Deeming Actions for 2012-2024).

7. Shortly after this Complaint was filed, Defendant sent the Complaint and a summary of the claim to the Secretary as required by 42 U.S.C. §233(b) and 28 CFR § 15.2(b). *See* Baddeley Declaration ¶3. Defendant followed up with the Secretary via telephone calls and emails in late November and early December 2023. *See id.* ¶4. The Secretary designated an attorney to review Defendant's FTCA eligibility on January 11, 2023, but as of the time of this motion had not yet made a determination. *See id.* ¶5. Copies of the instant pleading were sent to the designated HHS attorney as well as the United States Attorney's Office for the District of Massachusetts.

### Defendant Is Immune and Substitution of the United States Is Appropriate

8. Plaintiff's action is one for "damage for personal injury . . . resulting from the performance of medical, surgical, dental, or related functions." *See* 42 U.S.C. § 233(a).

9. In addition, during the period of time that Plaintiff alleges Defendant provided services, the Secretary deemed Defendant an employee of the Public Health Service. *See* Baddley Decl. ¶2 and attached deeming notices. Thus, Defendant is immune from Plaintiff's claims. *See O'Brien*, 56 F.4th at 147.

10.     It does not matter that Plaintiff labels his claim as one for discrimination under Section 1557 of the Affordable Care Act rather than a malpractice action.  The Supreme Court made clear in *Hui v. Castaneda*, 559 U.S. 799, 806 (2010), that Section 233's immunity is "absolute" and "bar[s] *all* actions against" that arise from "the performance of medical or related functions." (emphasis added).  *See also Pinzon v. Mendocino Coast Clinics, Inc.*, Docket No. 14-cv-05504-JT, 2015 U.S. Dist. LEXIS 110479, 2015 WL 4967257 (N.D. Cal. Aug. 20, 2015) (finding that claims based on alleged racial and disability discrimination were barred by Section 233 immunity), attached hereto as Exhibit B.

11.     Instead, Plaintiff's "exclusive" remedy is an FTCA claim against the Government. *See O'Brien*, 56 F.4th at 147; *see also Agyin v. Razmzan*, 986 F.3d 168, 184 (2nd Cir. 2021).[1]

12.     When an immune employee or health center is sued, it is entitled to substitution of the United States as defendant.  *See Mixon v. CareSouth Carolina, Inc.*, Docket No. 4:22-cv-00269 RBH, 2022 U.S. Dist. LEXIS 98603, 2022 WL 1810615 (D.S.C. June 2, 2022), attached hereto as Exhibit C.  It is irrelevant that the United States has not yet appeared or taken over the defense.  The defendant's immunity and right to substitution does not depend on the Government making the request.  *See id.* (relying on *Hui* and granting substitution over the Government's objection).

WHEREFORE the Defendant respectfully requests that the Court

A.      Dismiss the claims against Defendant;

---

[1] Plaintiff has not alleged he filed an administrative claim with the Secretary as required by the FTCA, 28 U.S.C. § 2675(a).  *See also* Baddeley Decl. ¶6 (testifying Defendant does not have record of an administrative claim).  The Court therefore does not have subject matter jurisdiction. *See Barrett ex rel. Estate of Barrett v. United States*, 462 F.3d 28, 37-38 (1st Cir. 2006) (following circuit precedent that FTCA exhaustion requirement is a "non-waivable jurisdictional requirement").

B. Substitute the United States as party defendant and/or dismiss the claims against it for lack of subject matter jurisdiction due to failure to exhaust; and

C. Order any other just and appropriate relief.

> Respectfully submitted,
>
> Fenway Community Health Center, Inc.
>
> By its Attorneys,
>
> SHEEHAN PHINNEY BASS & GREEN, PA

Dated: January 22, 2024   By: */s/ James P. Harris* _____
James P. Harris, Esq. (BBO # 678283)
1000 Elm Street, P.O. Box 3701
Manchester, NH 03105-3701
(603) 627-8152
jharris@sheehan.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this pleading was served on this day on all parties of record through the Court's electronic filing system. I also certify that this pleading was sent via email and first-class mail to

Acting United States Attorney Joshua S. Levy
John Joseph Moakley United States Federal Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
Joshua.levy@usdoj.gov

Meredith Torres, Sr. Agency Attorney/DHHS/OGC/CELB
U.S. Department of Health and Human Services
Office of the General Counsel
General Law Division
Claims and Employment Law Branch
330 C Street, SW
Attention: CLAIMS
Switzer Building, Suite 2100
Washington, DC 20201
meredith.torres@hhs.gov

> */s/ James P. Harris* _____
> James P. Harris