# **EXHIBIT B**

# Pinzon v. Mendocino Coast Clinics, Inc.

United States District Court for the Northern District of California

August 19, 2015, Decided; August 20, 2015, Filed

Case No. 14-cv-05504-JST

**Reporter**
2015 U.S. Dist. LEXIS 110479 *; 2015 WL 4967257

ABRAHAM G. PINZON, Plaintiff, v. MENDOCINO COAST CLINICS INC., et al., Defendants.

**Prior History:** Pinzon v. Mendocino Coast Clinics, Inc., 2015 U.S. Dist. LEXIS 66740 (N.D. Cal., May 21, 2015)

**Counsel:** [*1] Abraham G. Pinzon, Plaintiff, Pro se, Fort Bragg, CA.

For Mendocino Coast Clinics Inc., Defendant: Michael Morrison, LEAD ATTORNEY, Amelia Fairbank Burroughs, Janssen Malloy LLP, Eureka, CA.

For USA, Defendant: Wendy M. Garbers, LEAD ATTORNEY, United States Attorney's Office, Northern District of California, San Francisco, CA.

**Judges:** JON S. TIGAR, United States District Judge.

**Opinion by:** JON S. TIGAR

## Opinion

**ORDER GRANTING MOTION TO SUBSTITUTE AND TO DISMISS**

Re: ECF No. 33

Before the Court is the United States of America's Motion to Substitute and to Dismiss. ECF No. 33. The Court will grant the motion.

### I. BACKGROUND

Plaintiff Abraham G. Pinzon filed his initial complaint in this action on December 16, 2014. ECF No. 1. In the operative complaint, filed on January 6, 2015, against Defendants Mendocino Coast Clinics, Inc. and the State of California's Department of Health Care Services, Medi-Cal Dental Services Division, Pinzon alleges that Dr. Nash, a dentist at Mendocino Coast Clinics, performed unwanted dental services, ruining three of his teeth, so that he would be forced to return to the clinic for dentures. ECF No. 6 at 2-3. Pinzon alleges that the treatment he received was contrary to the standard of care received [*2] by other, predominantly white, patients, and that it amounted to assault, battery, and malpractice. Id. Pinzon, who is an African-American man with a mental illness, describes Nash's malpractice as racial discrimination and the product of "animus, fear, and hate." Id. at 2, 4. He also alleges that denying him the opportunity to participate in making treatment decisions deprived him of his right to equal access to health care services. Id. at 4, 6. Pinzon alleges that when he called Denti-Cal to lodge a complaint, Denti-Cal employees hung up on him and retaliated against him by threatening his eligibility for Medi-Cal benefits. Id. at 3. Pinzon describes Medi-Cal's failure to respond to his complaint as "an unspoken approval" of Mendocino Coast Clinics' conduct. Id. at 4. Plaintiff asserts claims for assault, battery, and malpractice; violation of the Americans with Disabilities Act ("ADA"); violation of the Civil Rights Act of 1964; and violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Id. at 1, 3.

Pursuant to the Federally Supported Health Centers Assistance Act of 1992 ("FSHCAA"), Mendocino Coast Clinics has been deemed by the Department of Health and Human Services to be an "employee" of the [*3] Public Health Service ("PHS") for the purpose of malpractice coverage under the Federal Tort Claims Act ("FTCA") since December 9, 2005. Declaration of Meredith Torres in Support of United States' Motion to Substitute and Dismiss ("Torres Decl."), ECF No. 34, ¶ 5, Ex. 1. Alex G. Tse, Chief of the Civil Division of the United States Attorney's Office for the Northern District of California, has certified pursuant to 28 U.S.C. section 2679(d) that "Mendocino Coast Clinics, Inc., is deemed eligible for Federal Tort Claims Act ("FTCA") malpractice coverage and its employees are covered under the FTCA," and that "Mark A. Nash, D.D.S., was an employee of the health center and was acting within the scope of his employment at all times material to plaintiff's allegations." Certification Pursuant to 28

U.S.C. § 2679(d) ("Certification"), ECF No. 36.

According to Meredith Torres, a Senior Attorney in the General Law Division of the Office of the General Counsel for the Department of Health and Human Services, the Department's Claims Branch maintains a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for FTCA malpractice [*4] coverage. Torres Decl. ¶¶ 1-3. A search of the claims database yielded no record of an administrative tort claim filed by Plaintiff or an authorized representative relating to Mendocino Coast Clinics and Dr. Nash. Id. ¶ 4.

On May 22, 2015, the United States filed the instant motion to substitute itself in place of named defendant Mendocino Coast Clinics, Inc. pursuant to 42 U.S.C. section 233, and to dismiss all claims against it for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 33 at 1. Pinzon opposes the motion. ECF No. 39. Defendant Department of Health Care Services has not yet appeared in this action.[1]

## II. LEGAL STANDARD

"If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Federal Rule of Civil Procedure 12(b)(1). The plaintiff always bears the burden of establishing [*5] subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).

## III. DISCUSSION

### A. Substitution of the United States

Pursuant to 42 U.S.C. section 233(a),

---

[1] The government states that Mendocino Coast Clinics is the sole named defendant in this action, citing the original complaint. ECF No. 33 at 2. But the amended complaint names the Department of Health Care Services, ECF No. 6, and Pinzon appears to have served the Department by mail on March 2, 2015. ECF No. 14 at 3.

The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

"Section 233(a) makes the FTCA remedy against the United States 'exclusive of any other civil action or proceeding' for any personal injury caused by a PHS officer or employee performing a medical or related function 'while acting within the scope of his office or employment.'" Hui v. Castaneda, 559 U.S. 799, 802, 130 S. Ct. 1845, 176 L. Ed. 2d 703 (2010). Pursuant to 42 U.S.C. section 233(g), the remedy against the United States with respect to an entity "deemed to be an employee of the Public Health Service" [*6] is "exclusive of any other civil action or proceeding to the same extent as the remedy against the United States is exclusive pursuant to subsection (a)."

Mendocino Coast Clinics has been deemed by the Department of Health and Human Services to be an employee of the Public Health Service during the relevant time period, and the Attorney General has certified that Dr. Nash was an employee of the health center and was acting within the scope of his employment at all times material to Plaintiff's allegations. Torres Decl. ¶ 5; Certification ¶ 2. Accordingly, the health center and Dr. Nash have "absolute immunity . . . for actions arising out of the performance of [dental] or related functions within the scope of their employment," because section 233 "bar[s] all actions against them for such conduct." Hui, 559 U.S. at 806. The exclusive remedy is an FTCA action against the United States.

Pinzon argues that Nash's alleged actions exceeded the scope of his employment because they were "unrelated to legitimate medical needs" and because "[p]hysical attacks on patients and disregard for their patient and civil rights [] are not within the scope of employment for any profession." ECF No. 39 at 2-3. While a section

2679(d) certification that an individual was acting [*7] within the scope of his employment "does not conclusively establish as correct the substitution of the United States as defendant," Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 434, 115 S. Ct. 2227, 132 L. Ed. 2d 375 (1995), "the party seeking review [of the certification] bears the burden of presenting evidence and disproving the Attorney General's decision to grant or deny scope of employment certification by a preponderance of the evidence." Jackson v. Tate, 648 F.3d 729, 732 (9th Cir. 2011). "When the plaintiff challenges the Attorney General's scope of employment certification, '[t]he United States . . . must remain the federal defendant in the action unless and until the District Court determines that the employee, *in fact*, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment.'" Id. at 732-33 (quoting Osborn v. Haley, 549 U.S. 225, 231, 127 S. Ct. 881, 166 L. Ed. 2d 819 (2007)) (emphasis and alterations in original). Because Pinzon has presented no evidence, as opposed to allegations, that might disprove the Attorney General's certification, at this time the United States "must remain the federal defendant in the action." Id. at 732.

Pinzon also suggests that while Mendocino Coast Clinics is eligible for FTCA malpractice coverage for personal injury, this coverage does not extend to Pinzon's statutory claims. ECF No. 39 at 2, 4. But the FTCA "remedy against the United [*8] States . . . for damage for personal injury . . . resulting from the performance of medical, surgical, dental, or related functions" by a covered employee acting within the scope of his employment is "exclusive of any other civil action or proceeding by reason of the same subject-matter" against the employee. 42 U.S.C. § 233(a). The Supreme Court has explained that this statutory language "grants absolute immunity" to covered employees "for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." Hui, 559 U.S. at 806. Pinzon's complaint suggests that Defendant Mendocino Coast Clinics violated the ADA and the Civil Rights Act by discriminating against him on the basis of his race and disability in the provision of dental services. These claims involve "the same subject-matter" as and "aris[e] out of the performance of" dental or related functions, and therefore fall within the grant of immunity provided by sections 233(a) and (g).[2]

For these reasons, the United States is substituted in place of Defendant Mendocino Coast Clinics as a Defendant in this action and Plaintiff's claims against it shall be treated as claims under the FTCA.

## B. Failure to Exhaust Administrative Remedies

The FTCA provides that:
> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). "The requirement of an administrative claim is jurisdictional" and "must be strictly adhered to." Valadez-Lopez v. Chertoff, 656 F.3d 851, 855 (9th Cir. 2011). The United States has submitted a declaration establishing that the Department of Health and Human [*10] Services claims database contains no record of an administrative tort claim filed by Pinzon or an authorized representative relating to Mendocino Coast Clinics, Inc. and Dr. Nash. Torres Decl. ¶ 4. In his opposition, Pinzon neither disputes that he has not yet filed such a claim, nor presents any evidence to the contrary. Accordingly, the Court concludes that it lacks subject matter jurisdiction over this action at this time and grants the United States' motion to dismiss without prejudice to refiling after Pinzon pursues his administrative remedies.

## CONCLUSION

For the foregoing reasons, the motion to substitute and to dismiss is granted without prejudice.

---

[2] The complaint also references HIPAA, P.L. No. 104-191, 110 Stat. 1938 (1996), although it does not explain how Defendants allegedly violated this statute. See ECF No. 6. Because "HIPAA itself provides no private right of action," the Court does not address [*9] this claim. Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007).

IT IS SO ORDERED.

Dated: August 19, 2015

/s/ Jon S. Tigar

JON S. TIGAR

United States District Judge

**End of Document**