IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULY R. CARLAN,<br>AKA, SHAPE SHIFTER;<br><br>        Plaintiff,<br><br>v.<br><br>FENWAY COMMUNITY HEALTH<br>CENTER, INC.;<br><br>        Defendant. | Case No. 1:23-cv-12361-RWZ |

**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED TO THE ISSUE OF SUBJECT MATTER DISCOVERY**

As an alternative to denying Defendant's motion to dismiss and substitute the United States as defendant, the plaintiff, July Carlan ("Plaintiff"), by and through his undersigned counsel, respectfully moves the Court for entry of an Order granting Plaintiff leave to conduct discovery limited to the issue of whether the defendant, Fenway Community Health Center, Inc.'s ("Defendant") conduct at issue in this case was within the scope of its employment. Defendant's motion to dismiss alleges lack of subject matter jurisdiction. The question of whether Defendant's conduct was within its scope of employment is relevant to the resolution of the question of subject matter jurisdiction.

**I.    STANDARD**

The Supreme Court has ruled that "[w]here issues arise as to jurisdiction or venue, discovery is available to ascertain facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978). "[T]he threshold showing that a plaintiff must present to the district

1

court to merit limited discovery is relatively low. *See Surpitski v. Hughes-Keenan Corp.*, 362 F.2d 254, 255-256 (1st Cir. 1966) (*per curiam*) (explaining that a party should be allowed to conduct jurisdictional discovery when its position is not frivolous)." *Blair v. City of Worcester*, 522 F.3d 105, 110-11 (1st Cir. 2008).

## II.    FACTUAL BACKGROUND

Defendant has filed a motion to dismiss alleging lack of subject matter jurisdiction on the basis that it is a deemed Public Health Service ["PHS"] employee, and therefore it is "immune" under 42 U.S.C. § 233.  Plaintiff opposes Defendant's motion and is submitting with this motion a Memorandum of Opposition arguing that Defendant's motion to dismiss should be denied as a matter of law.  Alternatively, Plaintiff has a right to limited discovery.

Section 233 provides that "[t]he remedy against the United States provided by ["FTCA"] … for damage for personal injury….. resulting from the performance of medical … or related functions …. by any employee of the PHS while acting within the scope of his office or employment ….."

Defendant has submitted copies of the annual "Deeming Actions" it has received from the Secretary. However, Defendant has not received an FTCA eligibility determination specifically for this action. Defendant's Memorandum in Support of Motion to Dismiss ¶ 7.

## II.    ARGUMENTS

**Defendant's Motion To Dismiss Raises Questions Of Fact Relevant To Determination Of Subject Matter Jurisdiction**

As argued in Part IV.C.ii. of Plaintiff's Memorandum of Opposition, the annual "deeming" determination by the Secretary does not conclusively establish PHSA and FTCA coverage with respect to a particular lawsuit ….. Rather, coverage hinges on the circumstances ….." *O'Brien v United States*, 56 F.4th 139, 148-149 (1st Cir. 2022).

The circumstances that give rise to Plaintiff's action are Defendant's wanton and reckless removal of generally accepted practices that itself has called "evidence based" and its replacement with a model of care determined by market research and with the motivation of increasing the number of its patients. Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") ¶¶ 29-40.

Defendant's "scope of office or employment" includes provision of competent, high-quality healthcare services and implementation of risk management programs to reduce risk to patients. *See generally*, Health Resources and Services Administration, Bureau of Primary Health Care, *Health Center Compliance Manual* 44, 85 (Last updated: August 20, 2018) https://bphc.hrsa.gov/sites/default/files/bphc/compliance/hc-compliance-manual.pdf  Health Resources and Services Administration, Policy Information Notice 2009-2 (Dec. 18, 2008) https://bphc.hrsa.gov/sites/default/files/bphc/compliance/pin-2009-02.pdf

The intentional removal of generally accepted practices as a matter of policy, their replacement with a self-invented model of medical care unsupported by empirical evidence and informed by business objectives, and disregard for risks posed by such actions to its patients, *prime facie* exceed the scope of its employment.

The FTCA's covered acts and omissions include "only" those that relate "to the grant-supported activity of entities." 42 C.F.R. § 6.6(d).  It is not plausible that Defendant received Federal grants to remove safety protocols and dispense experimental medical care to vulnerable patients. There is no evidence that the government authorizes the PHS to develop their own standards of care.  Furthermore, there is evidence that Defendant received funding from non-governmental sources for the development of its transgender health practice giving rise the question of whether the governments funds in fact supported the acts and omissions underlying this action. Pl.'s Am. Compl., Exhibit I at 7, 22.

Whether Defendant's conduct was within the scope of employment is a disputed material fact relevant to the application of Section 233 and the determination of this court's subject-matter jurisdiction. Similar to the issue at hand, in *ACLU v. City of Sarasota*, the Court's subject-matter jurisdiction depended on whether a state officer's actions were taken in his official capacity. The Eleventh Circuit Court of Appeals held that determination of subject matter jurisdiction depended on resolution of this "factual dispute", and "when facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute, parties have a 'qualified right to jurisdictional discovery.'" *ACLU*, 859 F.3d 1337, 1340-1341 (11th Cir., 2017).

On February 9, 2024, the United States informed the Court that it is in process of determining whether Defendant's conduct that is the subject of this action was within the scope of its employment. If the United States determines that Defendant's conduct was within its scope of employment, Plaintiff still has a right to jurisdictional discovery and a determination of whether Defendant's actions were within its scope of employment by the Court "according to ordinary rules of evidence and procedure." *Hui* at 811; *O'Brien* at 148.

Plaintiff seeks to discover documents relevant to Defendant's business expansion plans and removal of generally accepted practices, a change that began to take shape in or about 2006, Pl.'s Am. Compl., Ex. I, and whether the government was informed of and financially supported the removal of generally accepted practices, and the implementation of Defendant's self-invented model of care without any safeguards. The requested documents are as follows:

1. Any project agreements between Defendant and the Department of Health and Human Services, or any bureau, agency, or subsidiary office thereof, for the years 2006 - 2015.

2. Any record that contains or discusses the terms and conditions, and allocation of grants made by any government department, agency, or office to Defendant, for the years 2006 - 2015.

3. Any record of communication between Defendant, its employees or agents, with any governmental department, office, institution, or agency regarding the removal of safety protocols from Defendant's transgender care procedures, or the invention of a new model of care, for the years 2006 - 2015.

4. Any document or record of communication that indicates sources of financial support for Defendant's transgender health clinic from 2006 - 2015.

5. Any record of market studies, "community" surveys and communications, marketing plans, or similar documents relating to the perceived needs of the transgender community, for the years 2006 - 2015.

6. Any record of internal communications, including but not limited to medical, management, financial, and marketing, relating to the restructuring and expansion of the transgender care program and the decision to remove safety protocols and invent a new model of care, for the years 2006 - 2015.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order granting Plaintiff leave to conduct discovery limited to the issue of the Court's subject matter jurisdiction.

                                                    Respectfully submitted,

                                                    July R. Carlan

                                                  By his Attorneys,

Dated: February 14, 2024                     */s/ Mitra N. Forouhar*
                                                  Mitra N. Forouhar (NY Bar No. 2435683)
                                                  77 Van Ness Ave. Ste 101
                                                  PMB 1319
                                                  San Francisco, CA 94102
                                                  mitra@mnf-law.com
                                                  (415) 602-1864

                                                  *Admitted pro hac vice*


                                                  Samuel P. Blatchley (BBO No. 670232)
                                                  ECKLAND & BLANDO LLP
                                                  22 Boston Wharf
                                                  Road 7th Floor
                                                  Boston, MA 02210
                                                  (617) 217-6937
                                                  sblatchley@ecklandblando.com


## CERTIFICATE OF SERVICE

     I hereby certify that on February 14, 2024, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                  */s/ Samuel P. Blatchley*
                                                  Samuel P. Blatchley