IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| JULY R. CARLAN, | ) | |
| AKA, SHAPE SHIFTER; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1-23-cv-12361-MJJ |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| FENWAY COMMUNITY HEALTH | ) | |
| CENTER, INC.; | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

**PLAINTIFF'S AMENDED OPPOSITION TO THE UNITED STATES of AMERICA'S
MOTION TO INTERVENE
AND
REQUEST FOR ORAL ARGUMENT**

NOW COMES, the plaintiff July R. Carlan ("Plaintiff") in the above-captioned matter by his undersigned counsel and respectfully submits his Opposition to the United States of America's ("the United States") Motion to Intervene (ECF No. 27).

This Memorandum of Opposition amends and replaces Plaintiff's Opposition to United States' Motion to Intervene (ECF No. 28), and meets the requirements of L.R. 7.1(b)(1), (d). Fenway Community Health Center, Inc. ("Defendant") has assented to this amended filing through its counsel.

# I.   INTRODUCTION

The United States has moved to intervene in this action by casting Plaintiff's cause of action as a claim for personal injury arising from medical negligence, and thus attempting to bring the action within the scope of the Federal Torts Claims Act ("FTCA").

The United States, however, has not submitted annual deeming certificates for the years 2006-2011 and the Attorney General has not certified Defendant's actions during those years, when Defendant changed its transgender care policies and gave them systemic effect.   The actions taken during those years are directly relevant to Plaintiff's cause of action and the harm he has sustained.

Without regard to the lack of certification by the Secretary for all the relevant years and the Attorney General's certification of the same specifically for this action, and for the reasons set forth below, the United States' arguments in support of its Motion to Intervene are unpersuasive.

## II.    THE ACA FORECLOSES THE APPLICATION OF THE FTCA TO THIS ACTION

The United States has pinned its argument on the Supreme Court's *dicta* in *Hui v. Castaneda*, 559 U.S. 799, 806 (2010) that the employees of the Public Health Service are accorded "absolute immunity" from actions for personal injury arising from a medical function while disregarding the fact that *Hui* addressed the application of the FTCA to a judicially created cause of action and not a statutory cause of action as is the case in this action. That is a material distinction.

The United States has not presented any reasoned arguments to support its conflation of medical negligence and medical treatment that is imbued with deliberate indifference toward a protected characteristic. Courts carefully examine claims of discrimination in medical treatment. For example, "federal courts have routinely held that ADA claims based upon inadequate

medical care fail, but ADA claims based upon discriminatory medical care do not." *S.L. by and through D.L. v. City Hosp., Inc.*, 377 F. Supp. 3d 626, 632 (N.D. W. Va. 2019).   The United States, however, has belittled that distinction as a matter of "style".

The United States has not explained how the FTCA overcomes the Affordable Care Act ("ACA") Section 1557, 42 U.S.C. 18116 ("Section 18116").   The mere regurgitation of one statute's sections and clauses does not resolve a conflict of laws.

The United States' assertion that the FTCA "does not carve out an exception for actions brought under the ACA" is perplexingly disordered given that the ACA was enacted decades after the FTCA. The relevant statute is the later enacted Section 18116 which provides no exception to its enforcement mechanism for the FTCA. Section 18116 provides: "The enforcement mechanisms provided for and available under such title VI, title IX, section 794, or such Age Discrimination Act *shall* apply for purposes of violations of this subsection." (emphasis added). The word "shall" makes the imperative mandatory, and "creates an obligation impervious to judicial discretion." *National Assn. of Home Builders v. Defenders of Wildlife,* 551 U.S. 644, 661 (2007).

Implied in the arguments of the United States is that Section 181116 just does not apply to clinics such as Defendant, that are Federally Qualified Health Centers ("FQHCs"). Such an interpretation exhibits brazen disregard for the intent of the United States Congress, expressed clearly in the statutory language, to prohibit discriminatory practices in "any health program or activity", and to provide a private right of action as a remedy. It is self-evident that setting a medical policy and providing medical treatment constitute health activities, unless excepted by the statute.  No such exception is provided.

Furthermore, the language of the statute is expansive and encompasses *any* health activity or program that receives Federal financial assistance.  "Any" brings FQHCs within the ambit of the statute, and the inclusion of FQHCs is affirmed by the regulations issued thereunder. 86 Fed. Reg. 37160, 37226 (June 19, 2020).

The inclusion of FQHCs as entities covered by Section 18116 is rationally related to the purpose of that Section, which was enacted pursuant to Congress' authority under the Spending Clause of the United States Constitution.  Congress has used its spending powers to contractually mandate nondiscrimination policies and practices by recipients of Federal funds, and in case of a breach, provide a remedy to third party beneficiaries of that contract such as Plaintiff. Defendant's obligation not to discriminate in health care activities is a condition of the funding it receives. *Cummings v. Premier Rehab Keller,* 596 U.S. 212, 216-17 (2022).  The United States has not explained why the FTCA should be read to extinguish an obligation that Defendant has "voluntarily and knowingly" accepted and agreed to as a condition for receiving Federal funds. *Cummings*, 596 U.S. at 216.

Courts try to harmonize purportedly conflicting provisions of two statutes so that both can be given effect.  A court "must read [conflicting] statutes to give effect to each if [it] can do so while preserving their sense and purpose." *Watt v. Alaska*, 451 U.S. 259, 267 (1981).   The purpose of Section 18116 is to prohibit discrimination in medical care while the purpose of the FTCA is to provide insurance for personal injuries. The United States is asking the Court to give no effect to Section 18116 even though it's language is broad and inclusive of discriminatory acts in the course of medical treatment.   The FTCA does not cover discriminatory acts, rather the discriminatory act would have to be restructured as a personal injury claim arising from medical

malpractice, even though, the two claims differ substantively and procedurally. Such re-characterization would frustrate the "sense and purpose" of Section 18116.

Contrary to the position of the United States, Plaintiff's position gives effect to both statutes by applying the specific statute to a narrow class of cases that involve discriminatory conduct without rendering the general statute ineffective. Section 18116's provision that "*any* health program or activity, *any* part of which is receiving Federal financial assistance" (emphasis added) is unambiguous and sweeping, and thus expresses a waiver of immunity for *any* act that is within the scope of that Section. That reading is supported by the Supreme Court's reasoning in *Lane v. Pena*, 518 U.S. 187, 193 (1996).

The United States has cherry picked Plaintiff's statement of facts and has willfully ignored Plaintiff's legal arguments to re-characterize Plaintiff's action as a personal injury claim within the scope of the FTCA. In doing so, the United States has disregarded that Plaintiff's harm resulted from a new discriminatory policy adopted by Defendant that was motivated by market data. Decisions motivated by business objectives are not related to provision of medical care or a related function, they are business decisions outside the scope of the FTCA.

Plaintiff's statement of facts was carefully written with particularity to establish factual support for the allegation that Defendant instituted a self-invented and untested medical practice and procedure based on market data, and knowingly disregarded the risk that this procedure posed to the health of its gay and lesbian patients. Plaintiff's First Am. Complaint ¶ 271 (ECF No. 18).

The facts relied on by the United States are only several among the many features of Defendant's self-invented policy which manifested in its treatment of Plaintiff.  It is the systemic implementation of this discriminatory policy that has gravely harmed Plaintiff.

Health care policies, procedures, and practices that are not reasonably modified to accommodate a protected class or characteristic constitute discrimination. *S.L. by and through D.L.,* 377 F. Supp.3d at 632 (citing *Asselin v. Shawnee Mission Med. Ctr., Inc.*, 894 F. Supp. 1479, 1484 (D. Kan. 1995). *Bragdon v. Abbott*, 524 U.S. 624, 650 (1988).

Defendant's deliberate indifference toward potential harm to its gay patients is not an inadvertent act of medical negligence, it is an act of intentional discrimination. Assertion of civil rights do not present questions of style but those of substantive law implicating fundamental rights that are foundational to our system of ordered liberty.  Treating discriminatory conduct as though it were merely a negligent act trivializes the harm suffered, and thus sends a disturbing message of systemic indifference and impunity to both the perpetrator and the victim.

Plaintiff hereby incorporates by reference legal arguments he presented in Section IV of Plaintiff's Opposition to Defendant's Motion to Dismiss and to Substitute the United States as Defendant (ECF No. 12).

For the foregoing reasons, Plaintiff concludes that discriminatory acts and omissions committed by an FQHC in the course of medical treatment are governed by Section 18116 and not the FTCA, and finds no legal basis for intervention by the United States.

Plaintiff respectfully requests that the Court deny the United States' Motion to Intervene.

## <u>REQUEST FOR ORAL ARGUMENT</u>

The question before the Court is one of first impression that implicates cognizability and enforcement of civil rights in health care, with potential impact beyond the case at hand. To assist the Court in resolving this important and far reaching issue, Plaintiff respectfully requests to be heard in oral argument by video, or in person if the Court so deems proper.

Respectfully submitted,

July R. Carlan

By his Attorneys,

Dated: May 21, 2024

*/s/ Mitra N. Forouhar*
Mitra N. Forouhar (NY Bar No. 2435683)
77 Van Ness Avenue Ste 101
PMB 1319
San francisco, CA  94102
mitra@mnf-law.com
(415) 602-1864

*Admitted pro hac vice*

*/s/Ryan P. McLane*

Ryan P. McLane
BBO #697464
McLane & McLane, LLC
269 South Westfield Street
Feeding Hills, MA 01030
ryan@mclanelaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 21, 2024, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Mitra N. Forouhar*
Mitra N. Forouhar