UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*************************************
JULY R. CARLAN,                      *
a/k/a SHAPE SHIFTER                  *
    Plaintiff                        *
                                     *   Civil Action No. 23-cv-12361-MJJ
v.                                   *
                                     *
UNITED STATES OF AMERICA             *
    Defendant                        *
*************************************
```

## DEFENDANT UNITED STATES OF AMERICA'S PROPOSED DISCOVERY SCHEDULE

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16.1, and this Court's Notice of Scheduling Conference (Doc. 36), Defendant United States of America ("United States") submit this Proposed Discovery Schedule on its behalf only in anticipation of the scheduling conference set for April 10, 2025.

**I.** **The United States Submits This Proposed Discovery Schedule On Its Behalf Only.**

The United States submits this Proposed Discovery Schedule on its behalf only for the following reasons:

On March 28, 2025, this Court allowed the United States' Motion to Intervene and granted Plaintiff with leave to refile his Complaint against the United States pursuant to the Federal Tort Claims Act. Doc. 35. To date, Plaintiff has not refiled his Complaint against the United States. Upon service of an amended pleading against it, the United States intends to move to dismiss on grounds that Plaintiff failed to timely file an administrative claim and otherwise exhaust his administrative remedies under the Federal Tort Claims Act. On March 31, 2025, Plaintiff filed a Notice of Appeal.

Via e-mail correspondence dated April 8, 2025, Plaintiff's counsel informed undersigned

1

counsel that Plaintiff would not be joining in the submission of a joint proposed discovery schedule because, in Plaintiff's view, this Court was divested of jurisdiction over this matter when Plaintiff filed a Notice of Appeal on March 31, 2025. Plaintiff's counsel indicated that Plaintiff would be filing a motion for stay.

The United States' position is that Plaintiff's Notice of Appeal is premature in that there is no final judgment. That said, the United States assents to a motion to stay this case[1] pending resolution of this appellate jurisdictional issue.[2] In the interim, the United States submits this proposed discovery schedule in accordance with this Court's Notice of Scheduling Conference (Doc. 36).

II.    **Statement of Case and Proposed Discovery Schedule**.

    A.    **United States' Preliminary Statement of the Case**

Plaintiff alleges that he received discriminatory health care at Fenway Community Health Center, Inc. and that he sustained damages as a result. The United States submits that its medical providers acted in accordance with the standard of care at all times relevant to Plaintiff's Complaint and did not cause Plaintiff's alleged injuries.

    B.    **United States' Proposed Schedule**

The United States proposes the following pretrial schedule:

1. **Initial Disclosures.** Initial Disclosures, as required by Fed. R. Civ. P. 26(a)(1), to be completed by **April 25, 2025**.

2. **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be

---

[1] Should Plaintiff file one, as anticipated.

[2] Should this Court or the United States Court of Appeals for the First Circuit determine that this matter is ripe for appeal at this juncture, the United States would assent to a further stay of this matter pending resolution of the appeal.

filed after **May 30, 2025**.

3. **Fact Discovery – Interim Deadlines.**

    a. All requests for production of documents and interrogatories must be served by **May 30, 2025**.

    b. All requests for admissions must be served by **July 1, 2025**.

    c. All depositions, other than expert depositions, must be completed by **November 1, 2025**.

4. **Obligation to Supplement.**  Supplemental disclosures under Fed. R. Civ. P. 26(e) shall be made promptly after the receipt of information by the party or counsel and, in any event, no later than the completion of fact discovery, unless good reason can be shown for why such information was not available.

5. **Final Fact Discovery Deadline.**  All discovery, other than expert discovery, must be completed by **November 1, 2025**.

6. **Status Conference.**  A status conference will be held after the closure of fact discovery.

7. **Expert discovery.**

    a. Plaintiff shall designate and disclose the information contemplated by Fed. R. Civ. P. 26(a)(2) by **December 1, 2025**.

    b. Defendant shall designate and disclose the information contemplated by Fed. R. Civ. P. 26(a)(2) by **January 1, 2025**.

    c. All trial experts must be deposed by **March 15, 2025**.

8. **Summary judgment motions.**  Motions for summary judgment must be filed by **December 15, 2025**.

**C.** **Settlement**

To date, the United States has not received a settlement demand from Plaintiff.

**D.** **Certifications**

The United States will file a separate certification in conformance with Local Rule 16.1(d)(3).

| | |
|---|---|
| Dated:  April 9, 2025 | Respectfully submitted:<br><br>LEAH B. FOLEY<br>United States Attorney<br><br>By:  */s/ Nicole M. O'Connor*<br>Nicole M. O'Connor<br>Assistant U.S. Attorney<br>U.S. Attorney's Office<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>617-748-3112<br>Nicole.O'Connor@usdoj.gov |

**CERTIFICATE OF SERVICE**

I, Nicole M. O'Connor, Assistant U.S. Attorney, hereby certify that a true copy of the above document was served upon all parties of record via this court's electronic filing system and upon any non-registered participants via first class mail.

| | |
|---|---|
| Dated:  April 9, 2025 | */s/ Nicole M. O'Connor*<br>Nicole M. O'Connor<br>Assistant U.S. Attorney |